UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Kelly J. Taylor,**

    **Plaintiff,**                                            **Case No. 2:19-cv-4509**

    **v.**                                                    **Judge Michael H. Watson**

**Commissioner of Social Security,**        **Magistrate Judge Vascura**

    **Defendant.**

## OPINION AND ORDER

Kelly Taylor ("Plaintiff") applied for disability insurance benefits and supplemental security income but was denied both initially and on appeal. Plaintiff requested a hearing before an administrative law judge ("ALJ"), who ultimately rendered an unfavorable decision that was upheld by the Appeals Council. Plaintiff appealed that final decision to this Court.

The Magistrate Judge recommended the Court affirm the Commissioner's decision, R&R, ECF No. 15, and Plaintiff objects to that recommendation. Obj., ECF No. 16. On objection, Plaintiff argues the ALJ erred in determining that Plaintiff's assistive device was not medically necessary. Specifically, Plaintiff contends that his treating physician, Dr. Barker, opined that the device was medically necessary; that the ALJ failed to provide good reasons for not according controlling weight to Dr. Barker's opinion; and that the ALJ's contrary opinion that the assistive device was not medically necessary was not supported by substantial evidence.

Magistrate Judge Vascura issued the R&R pursuant to Federal Rule of Civil Procedure 72(b).  Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to.  Fed. R. Civ. P. 72(b)(3).  The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions.  *Id.*

Upon *de novo* review, Plaintiff's objections are **OVERRULED**.

The Court begins with Plaintiff's objection that the ALJ failed to articulate good reasons for not according controlling weight to Dr. Barker's opinion.  As the Magistrate Judge found, and Plaintiff concedes, the ALJ stated that Dr. Barker's opinion was based on Plaintiff's subjective complaints and was inconsistent with the objective evidence in the record.  ALJ Dec., ECF No. 9-2 at PAGEID # 58.

Plaintiff argues these statements do not satisfy the "good reasons" requirement, however, because the ALJ failed to specify which portion of the objective record evidence contradicted Dr. Barker's opinion.

An "ALJ's decision as to how much weight to accord a medical opinion must be accompanied by 'good reasons' that are 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'"  *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550 (6th Cir. 2010) (citations omitted).  The ALJ must therefore identify the reasons for discounting a treating physician's opinion and explain

precisely how those reasons affected the weight assigned to the treating physician's opinion.  *Id.* at 551.  It is not sufficiently specific to merely state that a reviewing physician's opinion is more consistent with the objective findings than a treating physician's or that there is no evidence to support a treating physician's opinion.  *See id.* at 552 ("Put simply, it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record; there must be some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion that gets the short end of the stick.").

Here, the ALJ gave sufficient reasons for disregarding Dr. Barker's opinion when he noted that there was no record evidence of motor or sensory loss, reflex deficits, abnormal gait, atrophy, or similar findings that might support the need for a cane and that the only objective evidence contemporaneous with Dr. Barker's opinion was mild bruising and tenderness, which did not support his opinion.  ALJ Dec., ECF No. 9-2 at PAGEID # 58.  The ALJ further stated that Dr. Barker's opinion did not itself cite any objective evidence in support thereof but rather appeared to be based solely on Plaintiff's subjective complaints about his inability to perform activities of daily living.  *Id.*  By highlighting both that Dr. Barker's opinion lacked citation to objective evidence and was instead based solely on general diagnoses and Plaintiff's subjective complaints about the limitations those diagnoses caused and that the objective evidence did not contain anything to support the need for a cane (including, specifically, abnormal gait, atrophy,

etc.), the ALJ's explanation is sufficiently specific to satisfy the good reasons rule.

Whether those reasons articulated by the ALJ are themselves supported by substantial evidence is a separate question and overlaps with the basis of Plaintiff's other objection.  Accordingly, the Court continues to that portion of the analysis.

Upon review, the Court finds there is substantial evidence that supports the ALJ's decision to accord little weight to Dr. Barker's opinion and to conclude the cane was not medically necessary.  The ALJ's statement that Dr. Barker's opinion was based solely on the existence of diagnoses and Plaintiff's subjective complaints about the limitations those diagnoses caused was, indeed, correct. Barker Op., ECF No. 9-7 at PAGEID ## 460–66.  Dr. Barker's opinion does not cite to objective evidence, and Plaintiff's argument that "Dr. Barker provided the medical documentation by way of his opinion" is circular.  *See* Obj. 3, ECF No. 16.  Nor do the mere diagnoses of right hip fracture status post-repair with continued nonunion/displacement, mild right hip degenerative changes, and degenerative changes of the cervical spine necessarily mean that those issues require the use of a cane.

Moreover, even the evidence Plaintiff cites supports the ALJ's conclusion that Plaintiff did not require an assistive device. Dr. Barker's December 8, 2015 office notes, which include PAGEID # 482 cited by Plaintiff, state that Plaintiff had decreased range of motion and decreased strength and deformity *because his*

*leg was in a brace. See* Ex. 4F, ECF No. 9-7 at PAGEID # 482.  It therefore does not support Dr. Barker's opinion that Plaintiff required a cane after the brace was removed.  Moreover, Dr. Mehta's January 26, 2016 office visit notes state that Plaintiff would discontinue use of his brace, "may proceed with all activities as he can tolerate," and that follow-up would only be "as needed."  Ex. 2F, ECF No. 9-7 at PAGEID # 458.  The fact that Plaintiff's orthopedic surgeon permitted Plaintiff to resume all activities and did not mention any need for an assistive device cuts against it supporting Dr. Barker's later opinion.  Finally, neither the x-rays nor office visits from May 12, 2016, the last piece of evidence cited by Plaintiff, necessarily support the need for a cane.  Although the office notes state Plaintiff experienced pain, they also state that he appeared for his appointment without his brace.  Ex. 4F, ECF No. 9-7 at PAGEID # 472.  The notes make no mention of a cane or recommendation to use a cane, implying Plaintiff was able to ambulate to and around the office without one.  In sum, the record evidence Plaintiff cites does not even support Dr. Barker's later opinion that Plaintiff could not ambulate without a cane.

Finally, Plaintiff has failed to show that the ALJ's conclusion that the record lacked any evidence of motor or sensory loss, reflex deficits, abnormal gait, atrophy, etc. that, if present, could have warranted the use of a cane was erroneous.  ALJ Dec., ECF No. 9-2 at PAGEID # 58.

Accordingly, upon *de novo* review, the Court finds that substantial evidence supported the ALJ's decision to accord little weight to Dr. Barker's

opinion regarding the medical necessity of a cane and the ALJ's contrary opinion that a cane was not medically necessary.  Plaintiff's objection is **OVERRULED.**

The Court **ADOPTS** the R&R, **OVERRULES** Plaintiff's Statement of Specific Errors, and **AFFIRMS** the Commissioner's decision.  The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

       */s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**